

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| MEYERS CABLE CONTRACTORS, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | |
| CHARTER COMMUNICATIONS HOLDING COMPANY, LLC and CHARTER COMMUNICATIONS, LLC, | § § § § | CIVIL ACTION NO. 7:05-575-HFF |
| Defendants, | § § | |
| v. | § § | |
| DAVID GORDON MEYERS, | § § § | |
| Counterclaim Defendant. | § | |

MEMORANDUM OPINION AND ORDER

**I.     INTRODUCTION**

This is breach of contract case.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  Pending before the Court are Defendant Charter Communications Holding Company, LLC's (Charter) motion for partial summary judgment and Counterclaim Defendant David Gordon Meyers' (Meyers) motion for summary judgment.  Based on the following, the Court will grant in part and deny in part Charter's motion and deny Meyers' motion.

## II.     STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears this initial burden of informing the Court of the basis for its motions, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court reviews the record by drawing all inferences most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *United States v. Diebold, Inc.*, 369 U.S. 654 (1962)).

"Once the moving party carries its burden, the adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The adverse party must show more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. If an adverse party completely fails to make an offer of proof concerning an essential element of that party's case on which that party will bear the burden of proof, then all other facts are necessarily rendered immaterial and the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322-23. Hence, the granting of summary judgment involves a three-tier analysis. First, the Court determines whether a genuine issue actually exists so as to necessitate a trial. Fed. R. Civ. P. 56(e). An issue is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Second, the Court must ascertain whether that genuine issue pertains to material facts.

Fed. R. Civ. P. 56(e). The substantial law of the case identifies the material facts, that is, those facts that potentially affect the outcome of the suit. *Anderson*, 477 U.S. at 248. Third, assuming no genuine issue exists as to the material facts, the Court will decide whether the moving party shall prevail solely as a matter of law. Fed. R. Civ. P. 56(e).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327. The primary issue is whether the material facts present a sufficient disagreement as to require a trial, or whether the facts are sufficiently one-sided that one party should prevail as a matter of law. *Anderson*, 477 U.S. at 251-52. The substantive law of the case identifies which facts are material. *Id*. at 248. Only disputed facts potentially affecting the outcome of the suit under the substantive law preclude the entry of summary judgment.

The United States Court of Appeals for the Fourth Circuit summarized the Court's obligation when faced with cross motions for summary judgment in *Rossignol v. Voorhaar*:

> When faced with cross-motions for summary judgment, the court must review each motion separately on its own merits "to determine whether either of the parties deserves judgment as a matter of law." *Philip Morris Inc. v. Harshbarger*, 122 F.3d 58, 62 n.4 (1st Cir. 1997) (citation and internal punctuation omitted). When considering each individual motion, the court must take care to "resolve all factual disputes and any competing, rational inferences in the light most favorable" to the party opposing that motion. *Wightman v. Springfield Terminal Ry. Co.*, 100 F.3d 228, 230 (1st Cir. 1996).

316 F.3d 516, 523 (4th Cir. 2003). Accordingly, the Court has reviewed each party's motion independently and resolved all factual disputes in favor of the nonmoving party.

### III.     DISCUSSION

#### A.     Charter's Motion for Partial Summary Judgment

Charter argues that the Court should grant summary judgment as to: (1) the claim for breach of contract accompanied by a fraudulent act; (2) the enforceability of the twelve-inch burial requirement; (3) the claim seeking payment for burial work invoices; (4) the issue of liability with respect to Charter's counterclaims related to Meyers' CSI work; and (5) the claim for attorneys' fees.

Charter contends that Missouri law does not recognize a cause of action for breach of contract accompanied by a fraudulent act.  The Court agrees.

Both parties agree that Missouri law controls in this case because of the Master Agreement, which provides that "[t]he [agreement] shall be governed by and construed and enforced in accordance with the laws of the State of Missouri."  Plaintiff asserted a cause of action for breach of contract accompanied by a fraudulent act in the complaint.  Breach of contract accompanied by a fraudulent act is a cause of action developed by the South Carolina courts to permit punitive damages when a breach of contract itself is accompanied by a fraudulent act.

The Court is unaware of any Missouri case upholding a cause of action for breach of contract accompanied by a fraudulent act.  Further, Plaintiff has failed to provide the Court with any Missouri case recognizing this cause of action.  Instead, citing cases in which the Missouri courts allowed the case to go forward on a breach of contract claim and a fraud or fraudulent misrepresentation claim, Plaintiff argues that Missouri law recognizes that a case can be brought under both breach of contract and fraud.  However, breach of contract accompanied by a fraudulent act is a wholly separate cause of action from fraud.  *See Perry v. Green*, 313 S.C. 250, 255, 437 S.E.2d 150, 153 (S.C. Ct. App. 1993) ("Finally, we find no merit to Green's argument that since Perry did not recover on her claim

for fraud, she cannot recover for breach of contract accompanied by a fraudulent act. These two causes of actions are not based on the same elements."). An action for breach of contract accompanied by a fraudulent act differs from an ordinary common law fraud action based on false statements because punitive damages have been awarded even though the conduct complained of occurred after the parties entered into the contract.

Additionally, the Court is unable to construe Plaintiff's claim as a typical common law fraud claim. The elements for breach of contract accompanied by a fraudulent act in South Carolina are: (1) a breach of contract; (2) fraudulent intent relating to the breaching of the contract and not merely to its making; and (3) a fraudulent act accompanying the breach. *Floyd v. Country Squire Mobile Homes*, 287 S.C. 51, 53-54, 336 S.E.2d 502, 503-04 (S.C. Ct. App. 1985). The elements for fraud in Missouri are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity, or his ignorance of its truth; (5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) his right to rely thereon; and, (9) the hearer's consequent and proximately caused injury. *Heberer v. Shell Oil Co.*, 744 S.W.2d 441, 443 (Mo. 1988). Moreover, Rule 9(b) of the Federal Rule of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).

Plaintiff has failed to plead fraud with particularity. Because Missouri law does not recognize a cause of action for breach of contract accompanied by a fraudulent act and Plaintiff pled the elements of breach of contract accompanied by a fraudulent act, the Court will grant Charter's

motion for partial summary judgment as to this claim.  The cause of action for breach of contract accompanied by a fraudulent act shall be dismissed as to both Charter and Meyers.[*]

Having carefully considered the motion, the response, the reply, the record, and the relevant law, it is the judgment of this Court that Charter's motion for partial summary judgment will be denied as to all other claims.

### B. Meyers' Motion for Summary Judgment

Meyers argues that the Court should grant summary judgment as to the counterclaims against him.  Having carefully considered the motion, the response, the reply, the record, and the relevant law, it is the judgment of this Court Meyers' motion for summary judgment will be denied.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Charters's motion for partial summary judgment as to the breach of contract accompanied by a fraudulent act claim and **DENIES** Charter's motion for partial summary judgment as to all other claims.  The Court **DENIES** Meyers' motion for summary judgment.  Therefore, the causes of action for breach of contract accompanied by a fraudulent act as to both Charter and Meyers are dismissed.

**IT IS SO ORDERED.**

Signed this 30th day of March, 2006, in Spartanburg, South Carolina.

s/ Henry F. Floyd<br>
HENRY F. FLOYD<br>
UNTIED STATES DISTRICT JUDGE

---

[*] In its memorandum in support of motion for summary judgment, Charter consents to the dismissal of its own claim against Meyers for breach of contract accompanied by a fraudulent act in the event the Court dismisses such claim against Charter.

6